UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY POINTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3398** |
| **FLIGHT SERVICES & SYSTEMS, INC.** | **SECTION: "G"(2)** |

## ORDER

On August 11, 2015, Rodney Pointer ("Pointer") filed a complaint against Flight Services & Systems, Inc. ("Defendant") for relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").[1] On December 9, 2015, with leave of Court, Pointer filed an amended complaint.[2] Before the Court is the "Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice" (the "Settlement Agreement") submitted by Pointer and Defendant (collectively, the "parties").[3] On July 26, 2016, the Court ordered the parties to provide further briefing as to the parties' calculation of Plaintiffs' overtime compensation award, unpaid minimum wage compensation award, and liquidated damages award.[4] The Court found that the proposed attorneys' fees were reasonable.[5] The parties submitted supplemental briefing on August 8, 2016.[6] Having considered the motion, the memorandum in support, the supplemental briefing, the record,

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 52.

[3] Rec. Doc. 116.

[4] Rec. Doc. 117.

[5] *Id.*

[6] Rec. Doc. 118.

1

and the applicable law, the Court will grant the motion for settlement approval.

## I. Background

In his amended complaint, Pointer alleges that he was working as an employee of Defendant as a ramp agent.[7] He alleges that he was paid an hourly wage of $9.50 per hour.[8] Plaintiff alleges that he typically worked 50 to 60 hours per week, but he was not paid overtime wages.[9] Pointer also alleges that employees were not paid the minimum wage.[10] On March 4, 2016, by agreement of the parties, this case was conditionally certified as a collective action under 29 U.S.C. § 216(b) of the FLSA, with the class being defined as "[a]ll current and former hourly employees of Flight Services & Systems, Inc. who worked at Louis Armstrong New Orleans International Airport (MSY) between [three years from date of notice] and the present."[11]

The parties filed the instant motion on July 21, 2016.[12] On July 26, 2016, the Court ordered the parties to provide further briefing.[13] The Court noted that the Settlement Agreement allocates approximately four to five hours of pay at a rate of $10.50 per hour for every week worked by each Plaintiff for the full three-year FLSA limitations period, plus an approximate 40 percent penalty.[14] However, neither the complaint nor the Settlement Agreement stated the amount of damages each

---

[7] Rec. Doc. 52 at 1.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

[11] Rec. Docs. 61, 62.

[12] Rec. Doc. 116.

[13] Rec. Doc. 117.

[14] *Id.* at 6.

Plaintiff was actually seeking.[15] Accordingly, the Court requested additional briefing regarding the parties' calculation of Plaintiffs' overtime compensation award and unpaid minimum wage compensation award because it was unclear how the parties determined that their negotiated figure represents a fair and reasonable resolution of the dispute.[16] The Court also ordered additional briefing on the parties' liquidated damages award because the parties provided no explanation of how they arrived at their determination regarding liquidated damages.[17]

## II. Parties' Arguments

The parties submitted supplemental briefing on August 8, 2016.[18] The parties assert that the settlement formula was based on approximately five hours of work per week.[19] The parties contend that basing the overtime compensation award on five hours per week was fair because the parties disputed whether Plaintiffs' hours worked was reduced for lunch periods and periods between flights.[20] The parties contend that the five hours represents all of the potential weekly lunch periods that had been deducted, plus some additional time for the work Plaintiffs claim to have performed between flights.[21] Moreover, the parties note that they agreed to use the FLSA's three-year statute of limitations for "willful" violations when calculating damage amounts rather

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 118.

[19] *Id.* at 3.

[20] *Id.*

[21] *Id.*

than a two-year statute of limitations.[22] Next, the parties assert that the hourly rate of $10.50 is fair and reasonable because the generally accepted hourly rates each Plaintiff earned was "clustered between $9.00 and $11.00 with some less frequent outliers on each side."[23]

Finally, the parties contend that the liquidated damages award is fair and reasonable.[24] The parties note that they disagreed as to whether liquidated damages were due at all.[25] The parties note that Defendant agreed to pay approximately 60 percent of the liquidated damages figure that Plaintiffs' counsel requested.[26] Therefore, the parties assert that their agreement to classify the payments to each Plaintiff as 50 percent lost wages and 50 percent liquidated damages was reasonable.[27]

## III. Law and Analysis

### A.    *Legal Standard*

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[28] If the settlement reflects "a reasonable compromise over issues," the court may approve it.[29] In such actions, the court "shall . . . allow a reasonable

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.* at 5.

[26] *Id.*

[27] *Id.*

[28] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citations omitted); *see also* 29 U.S.C. § 216(b).

[29] *Villegas v. Regions Bank*, No. H-11-904, 2013 WL 76719, at *2 (S.D. Tex. Jan. 4, 2013).

attorney's fee to be paid by the defendant, and costs of the action."[30]

*B.     Analysis*

    **1.     Unpaid Overtime and Minimum Wage**

The FLSA provides for actual damages in unpaid overtime and unpaid minimum wages, as well as an "additional equal amount as liquidated damages."[31] The Settlement Agreement allocates approximately four to five hours of pay at a rate of $10.50 per hour for every week worked by each Plaintiff for the full three-year FLSA limitations period, plus an approximate 40 percent penalty. As represented by the parties, the five hours encompasses all of the potential weekly lunch periods that had been deducted, plus some additional time for the work Plaintiffs claim to have performed between flights. Further, the hourly rate of $10.50 is fair and reasonable because the generally accepted hourly rates each Plaintiff earned were between $9.00 and $11.00. A settlement by its very nature is a compromise between the parties, where both parties make concessions and neither receives a fully-favorable outcome. Accordingly, the Court finds that this negotiated figure represents a fair and reasonable resolution of the dispute.

    **2.     Liquidated Damages**

The FLSA allows for liquidated damages to be awarded for FLSA violations in an amount equal to actual damages.[32] "A district court may decline to award liquidated damages if the court finds that the employer acted in good faith and had reasonable grounds to believe that its actions

---

[30] 29 U.S.C. § 216(b).

[31] *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)); *see also Ransom v. M. Patel Enters, Inc.*, 734 F.3d 377, 387 (5th Cir. 2013) (citing 29 U.S.C. § 216(b)).

[32] *See* 29 U.S.C. § 216(b).

5

complied with the FLSA."[33] Here, the parties have agreed to classify the payments to each Plaintiff as 50 percent lost wages and 50 percent liquidated damages. The Court finds this negotiated figure represents a fair and reasonable resolution of the dispute, considering that the settlement amount encompasses 60 percent of the liquidated damages figure that Plaintiffs' counsel initially requested.[34]

### 3. Dismissal

Finally, the Court notes that the parties have consented to dismissal of this lawsuit with prejudice after approval of the settlement and all settlement payments have been made.[35] The Settlement Agreement provides that all payments will be made within 210 days following entry of this Order.[36] Accordingly, the Court will dismiss this matter without prejudice to the right, upon good cause shown within 210 days, to reopen the action if settlement is not consummated.

### IV. Conclusion

For the reasons stated above, the Court finds that the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute. Accordingly,

**IT IS HEREBY ORDERED** that the parties' "Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice" is **GRANTED** and the settlement of this lawsuit is hereby approved. The procedural requirements of the settlement are laid out in a separate order.

---

[33] *Black*, 732 F.3d at 501 (citation and internal quotation marks omitted).

[34] *Id.*

[35] Rec. Doc. 116-1 at 12.

[36] *Id.* at 2.

**IT IS FURTHER ORDERED** that this action be and is hereby dismissed without costs and without prejudice to the right, upon good cause shown within 210 days, to reopen the action if settlement is not consummated. The Court retains jurisdiction to enforce the compromise agreed upon by the parties.

**NEW ORLEANS, LOUISIANA**, this  29th day of August, 2016.

                                                         **NANNETTE JOLIVETTE BROWN**
                                                       **UNITED STATES DISTRICT JUDGE**