IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY POINTER, individually and on behalf of all others similarly situated,** | **Civil Action No. 15-3398** |
| **Plaintiff,** | **Section "G"(2)** |
| v. | **Jury Trial Demanded** |
| **FLIGHT SERVICES & SYSTEMS, INC.** | |
| **Defendant.** | |

### ORDER

Before the Court is the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice filed by Plaintiffs and Defendant Flight Services & Systems, Inc.

### APPROVED SETTLEMENT TERMS

Having found that the Parties have resolved a much contested FLSA action on terms which are fair and reasonable, the Court approves the following settlement terms:

**A.  Payments to Plaintiffs**

Defendant will pay a Gross Settlement Amount in the amount of $223,520.96. Defendant will pay an amount to each individual Plaintiff as set forth in Exhibit A to the memorandum in support of the joint motion.

**B.  Plaintiff's Attorney's Fees and Costs**

Defendant will pay attorneys' fees and costs in the amount of $59,355.52 to Williams Litigation, L.L.C. and $20,644.48 to Michael T. Tusa, Jr.

**C.  Other Terms**

Defendant will pay one third of the Gross Settlement Amount no later than 30 days following the Court's entry of the Approval Order, the second third no later than 120 days

following entry of the Order, and the final third no later than 210 days following entry of the Order.  Each payment to an individual Plaintiff shall be divided such that 50% of the payment will be paid as lost wages and an IRS Form W-2 will be issued for that portion of the payment.  Defendant will determine any taxes due on the payments to individual Plaintiffs based on its existing records.  The other 50% of the payment will be paid as compensation for liquidated damages and a Form 1999 will be issued for that portion of the payment.  No taxes will be deducted from the liquidated damages checks.  In addition, Defendant shall pay the $80,000 in Attorney's Fees and Costs in three installments on the same dates as the payments to Plaintiffs.

Defendant will send checks to individual Plaintiffs via first class U.S. mail, to addresses provided by counsel for Plaintiffs.  If any checks are returned undeliverable with no forwarding address, Defendant will attempt to locate an alternative address using a "skip trace" service and will mail the checks to the alternative address, if any.  If any checks have not been cashed by Plaintiffs within 120 days of mailing, Defendant will provide the names of the individuals who have not cashed their checks to Plaintiffs' counsel.  If any check remains uncashed within 180 days after date of mailing, Defendant may void the check and return the funds to its general accounts and have no further obligation to the individual Plaintiff.  The failure to cash any check shall in no way affect the binding nature of this settlement.

In exchange for Defendant making these payments, Plaintiffs, including their respective spouses, heirs, executors, administrators, successors and assigns, completely and irrevocably release and discharge Defendant and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, and each of their officers, directors, board members, trustees, shareholders, members, employees, agents, attorneys, auditors, accountants, benefits administrators or third party administrators, experts, contractors, stockholders,

representatives, partners, insurers, reinsurers, and other persons acting on their behalf from any claims arising out of or under (1) the FLSA, 29 U.S.C. § 201, *et seq.*, (2) the Louisiana Wage Payment Act, and (3) other claims or similar causes of action solely relating to the non-payment of wages through the time of the Approval Order.

The Court acknowledges the Parties' position that the settlement is a compromise of disputed claims and is not to be deemed as an admission of fault or liability by Defendant. The settlement is intended to be a total resolution and complete satisfaction of any and all claims and allegations by the Plaintiffs against Defendant, known or unknown, which are or could have been asserted in this action. The Parties have consented to dismissal of this lawsuit with prejudice after approval of the settlement and all settlement payments have been made.

## CONCLUSION

For the foregoing reasons, the Court finds the Parties' settlement is both premised on a bona fide dispute and fair and reasonable.

Accordingly; IT IS ORDERED that the Joint Motion to Approve Settlement is GRANTED and the Parties' settlement is APPROVED.

NEW ORLEANS, LOUISIANA, this __29th__ day of August, 2016.

HON. NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT COURT JUDGE

3